UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JONATHAN LEE RICHES,<br><br>                Plaintiff.<br><br>vs.<br><br>PEANUT CORPORATION OF AMERICA, et al.,<br><br>                Defendants. | NO. CV-09-0041-JLQ<br><br>**ORDER DISMISSING ACTION AND ADMONISHING PLAINTIFF** |

      On February 6, 2009, the court received from Plaintiff, a prisoner at FCI Williamsburg in Salters, South Carolina, a document entitled "Preliminary Injunction, Temporary Restraining Order, TRO, 42 USC 1983" (Ct. Rec. 1). Plaintiff is advised, that a federal court may only address requests for injunctive relief in cases which are properly before the court, against Defendants over whom the court has jurisdiction.

      Plaintiff has not filed a civil rights Complaint. He has not paid the filing fee or submitted an application to proceed *in forma pauperis.* Furthermore, this case must be dismissed *sua sponte* because proper venue does not lie in the Eastern District of Washington. Plaintiff alleges that while incarcerated in South Carolina he was forced to eat salmonella tainted peanut butter manufactured by Defendant Peanut Corporation of America, whose headquarters are in Virginia. Plaintiff has filed this action here merely based on his belief that the defendant Corporation operates a plant in this court's jurisdiction, though there is no contention this alleged plant was involved in the

ORDER - 1

manufacturing or distribution of any peanut butter.[1]

28 U.S.C. § 1391(b)(2) dictates that civil actions shall be brought in the judicial district in which a substantial part of the events giving rise to the claim occurred. Moreover, 28 U.S.C. § 1406(a) provides that a district court shall dismiss a case with improper venue or, "if it be in the interest of justice, transfer such case to any district" in which venue is proper. The decision as to whether a transfer is in the interest of justice rests within the district court's discretion.

The court does not find it in the interest of justice to transfer this case to any other jurisdiction. The alleged acts are said to have occurred within the past three months, thus there is no statute of limitations risk. Moreover, this and many other courts have recognized that Plaintiff has been determined to be a "vexatious and abusive" litigant who has filed nearly 2000 cases nationwide while incarcerated. In just the last year in this district alone, he has filed 8 cases (including this one) which have been summarily dismissed or transferred to the District of South Carolina. As he has also done in numerous cases nationwide, he has also filed several frivolous motions to intervene in actions pending in this district in which he obviously has no interest.

The case at hand appears to be just one more in a pattern of pleadings filed by this Plaintiff in a distant jurisdiction for no apparent reason. Accordingly for the reasons stated above, **IT IS HEREBY ORDERED**, this action must be **DISMISSED** without prejudice.

Plaintiff has not heeded this court's prior admonishment set forth in *In Re DeAtley*, 06-CV-0278 (Ct. Rec. 578). **Plaintiff is hereby warned that his ability to file future cases in this court will be enjoined if he continues to submit cases which he fails to properly pursue and prosecute, and/or continues to file cases which fail to state a**

---

[1] The court notes the Defendant Corporation has since the filing of Plaintiff's claim, filed for Chapter 7 bankruptcy protection in the U.S. Bankruptcy Court for the Western District of Virginia.

ORDER - 2

1 | **claim upon which relief may be granted or are deemed frivolous or malicious.**
2 | **IT IS SO ORDERED**.  The Clerk is hereby directed to enter this Order enter
3 | judgment of dismissal without prejudice, furnish copies to Mr. Riches and to the other
4 | Judges of this district, including Magistrate Judges, and close this file.
5 | Dated this 23rd day of February, 2009.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 3